UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6156-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE SORRENTINO

KENNETH JOHN CARTER,

    Plaintiff,

v.

KEN JENNE, et al.,

    Defendants.

ORDER DENYING MOTION FOR
IFP WITHOUT PREJUDICE AND
REQUIRING MORE DETAILED
FINANCIAL AFFIDAVIT

FILED by ___ D.C.
MAG SEC.

FEB - 4 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL. MIA

The <u>pro se</u> plaintiff in this case has not paid the Clerk's filing fee, but has filed a motion to proceed *in forma pauperis* with supporting financial affidavit. The information provided, however, is too sparse to permit the Court to rule upon the motion.

On April 26, 1996, 28 U.S.C. §1915(a) was amended in part to provide that:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from



      the appropriate official of each prison at which the prisoner is or was confined.

The six month account statement is needed because pursuant to 28 U.S.C. §1915(b), as amended April 26, 1996, if a prisoner brings a civil action *in forma pauperis*, the prisoner must be required to pay the full filing fee. Initially, the Court must assess 20% of the greater of

    A)   the average monthly deposits to the prisoner's account; or

    B)   the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint.

Thereafter, the prisoner must make payments of 20% of the preceding month's income credited to his account. The agency having custody of the prisoner must forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fee is paid.

In this case the plaintiff has not provided sufficient factual information for this Court to make the determination required by 28 U.S.C. §1915(a), and to determine a payment schedule. It is thereupon

ORDERED AND ADJUDGED as follows:

1. The pending motion to proceed *in forma pauperis* is denied, without prejudice.

2. On or before March 13, 2000, the plaintiff shall complete and file the form application to proceed without payment of fees and affidavit furnished with this Order.

3. The plaintiff *must* have the certificate concerning his prison bank account completed by an officer of the institution.

4. The plaintiff must attach a certified copy of his prison/jail account for the six month period preceding the filing of the complaint, in accordance with the above quoted statute. This must be a full statement of all deposits and withdrawals, not just a summary.

5. The plaintiff is cautioned that failure to timely complete and file the required documents will result in a report recommending that the case be dismissed if the filing fee of $150.00 has not already been paid.

DONE AND ORDERED at Miami, Florida this 4 day of February, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Kenneth John Carter, <u>Pro Se</u>
    Inmate No. 5799-12737
    Joseph V. Conte Facility
    P. O. Box 407016
    Fort Lauderdale, FL  33340